IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CANDACE HANSEN, | ) | |
| | ) | |
| Plaintiff, | ) | 1:19-cv-04511 |
| | ) | |
| v. | ) | |
| | ) | |
| BARCLAYS BANK DELAWARE, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, CANDACE HANSEN, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, BARCLAYS BANK DELAWARE, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Billing Act ("FCBA"), 15 U.S.C. §1666, *et seq*.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under 15 U.S.C. §1640(e) and pursuant to 28 U.S.C. §§1331 and 1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. CANDACE HANSEN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Island Lake, County of Lake, State of Illinois.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 12 C.F.R. § 226.2(11).

6. At all relevant times, Plaintiff was an "obligor" as that term is used in 15 U.S.C. §1666.

7. BARCLAYS BANK DELAWARE, (hereinafter, "Defendant") is a federally insured bank regulated by the FDIC and has its principal place of business and its offices located in the City of Wilmington, State of Delaware. Defendant regularly conducts business within the State of Illinois.

8. At all relevant times, Defendant acted as a "creditor" as that term is defined by 15 U.S.C. §1602(g) and 12 C.F.R. § 226.2(17).

## IV. ALLEGATIONS

9. Plaintiff has an open-ended credit account with Defendant – the Barclaycard Ring Mastercard, account number ending 7752 (hereinafter, the "Account").

10. The above-referenced Account has at all times been used primarily or exclusively for personal, family and/or household purposes.

11. On or about January 24, 2019, Plaintiff received a monthly billing statement from Defendant for the period of December 20, 2018 to January 19, 2019 (hereinafter, the "January Statement").

12. The January Statement contained a billing error in the form of an unauthorized charge from December 21, 2018 for $63.23 that was identified as being made to SEARS ROEBUCK 8555 in Elk Grove Village.

13. Plaintiff did not visit any Sears store on December 21, 2018 and did not authorize any purchases to be made at a Sears store on December 21, 2018.

14. The $63.23 charge appearing on the January Statement reflected an extension of credit which was not made to Plaintiff.

15. Additionally, the $63.23 charge appearing on the January Statement reflected goods or services which were neither accepted by nor delivered to Plaintiff or her designee.

16. Accordingly, the $63.23 charge appearing on the January Statement was a "billing error" as that term is used in 15 U.S.C. §1666(b).

17. On or about January 24, 2019, the same date that Plaintiff received the January Statement, Plaintiff called Defendant to report the unauthorized charge.

18. Defendant then removed the unauthorized charge from Plaintiff's Account, cancelled Plaintiff's credit card, and issued Plaintiff a new credit card.

19. On or about February 7, 2019, Defendant sent Plaintiff a correspondence stating, *inter alia*:

> *"This letter is in response to your inquiry regarding a disputed amount of 63.23 from SEARS ROEBUCK 8555 on your account.*
>
> *Your account was credited on 1/24/2019 while we investigated this transaction(s). We have completed the investigative process. Our research has indicated that the transaction(s) is valid. The transaction(s) has therefore been placed back on your account. If applicable, interest and other charges related to the disputed amount will accrue on any unpaid portion of this amount. The amount of the dispute will be included in the Balance Subject to Interest Rate and the Minimum Payment Due calculation on your next statement."*

20. A true and exact copy of the aforesaid correspondence is attached hereto as **Exhibit A**.

21. On or about February 15, 2019, Plaintiff mailed to Defendant written notice of the aforesaid billing error on the January Statement pursuant to and in compliance with 12 C.F.R. §226.13(b) and 15 U.S.C. §1666(a). A true and exact copy of the aforesaid notice is attached hereto as **Exhibit B**.

22. The aforesaid notice of billing error attached as **Exhibit B** formally asserted a valid billing error of a specific amount ($63.23), within sixty days of the amounts first being transmitted on a statement, and otherwise met all requirements of 12 C.F.R. § 226.13 and 15 U.S.C. § 1666(a).

23. The aforesaid notice of billing error was mailed to Defendant via U.S.P.S. mail with a tracking number of 70180360000193957256.

24. As evinced by the U.S.P.S. tracking utility available at http://www.usps.com, Defendant received the aforesaid notice of billing error on February 20, 2019.

25. Pursuant to 15 U.S.C. §1666(a)(3), Defendant then and there owed Plaintiff a duty to:

   a. Within thirty (30) days of its receipt of Plaintiff's notice, send Plaintiff a written acknowledgment of her dispute; and

   b. Within two (2) billing cycles, either (1) correct the erroneous information and transmit to Plaintiff a notification of such corrections, or (2) send Plaintiff a written explanation, after conducting an investigation, setting forth the reasons why it believes Plaintiff's Account was correctly shown in the January Statement.

26. As of the date of filing this Complaint, Defendant has failed to send Plaintiff written acknowledgement of her dispute.

27. As of the date of filing this Complaint, Defendant has failed to either correct the erroneous information on the January Statement or send Plaintiff a written explanation, after conducting an investigation, setting forth the reasons why it believes Plaintiff's Account was correctly shown in the January Statement.

28. To the extent that Defendant may seek to rely on its February 8, 2019 correspondence to Plaintiff regarding her dispute to show that it had already complied with the requirements of the FCBA, such a position would be unsupported for a number of reasons, not the least of which because such correspondence fails to provide a written explanation setting forth the reasons why Defendant believes Plaintiff's Account was correctly shown in the January Statement.

29. Defendant failed to comply with the requirements of the Fair Credit Billing Act ("FCBA"), including 12 C.F.R. §226.13(c)(l) and 15 U.S.C. §1666(a)(3)(A) by failing to send "written acknowledgment" of her billing error notices within 30 days after receipt of the aforesaid notice dated February 15, 2019.

30. Defendant failed to comply with the requirements of 12 C.F.R. § 226.13(e) and 15 U.S.C. § 1666(a)(3)(B)(i) by failing to make any appropriate corrections to Plaintiff's Account, and failed to comply with the requirements of 12 C.F.R. §226.13(f) and 15 U.S.C. §1666(a)(3)(B)(ii) by failing to conduct a "reasonable investigation" of the billing error within two complete billing cycles after receipt of the billing error notice dated February 15, 2019.

31. Defendant failed to comply with the requirements of 12 C.F.R. §226.l3(e) and 15 U.S.C. §1666(a)(3)(B)(i) by failing to make any appropriate corrections to Plaintiff's Account, and failed to comply with the requirements of 12 C.F.R. §226.13(f) and 15 U.S.C. §1666(a)(3)(B)(ii) by failing to send a "written explanation or clarification" of the reasons why the account was correctly shown on the disputed statement, within two complete billing cycles after receipt of the billing error notice dated February 15, 2019.

32. Defendant, in violation of 12 C.F.R §226.13(d)(1), attempted to collect a portion of the required payment that was related to an amount in dispute and which had not been resolved pursuant 12 C.F.R §226.13(e) or (f), by sending periodic statements on or about the dates listed below to Plaintiff without indicating that payment of such disputed amounts and related charges was not required pending Defendant's compliance with 12 C.F.R. §226.13. Such attempts were made on or about the following dates:

    a.    February 2019

    b.    March 2019

    c.    April 2019

    d.    May 2019

33. Defendant failed to comply with the requirements of 12 C.F.R. § 226.13(e) and 15 U.S.C. § 1666(a)(3)(B)(i) by failing to make any appropriate corrections to Plaintiff's Account, and failed to comply with the requirements of 12 C.F.R. §226.13(f) and 15 U.S.C. §1666(a)(3)(B)(ii) by failing to conduct a "reasonable investigation" of the billing error before taking the collection action of sending Consumers said statements dated:

    a.    February 2019

    b.    March 2019

    c.    April 2019

    d.    May 2019

34. Defendant failed to comply with the requirements of 12 C.F.R. §226.l3(e) and 15 U.S.C. §1666(a)(3)(B)(i) by failing to make any appropriate corrections to Plaintiff's Account, and failed to comply with the requirements of 12 C.F.R. §226.13(f) and 15 U.S.C.

§1666(a)(3)(B)(ii) by failing to send a "written explanation or clarification" of the reasons why the account was correctly shown on the disputed statement before taking the collection action of sending Consumers said statements dated:

    a.    February 2019

    b.    March 2019

    c.    April 2019

    d.    May 2019

35.    Defendant, in violation of 12 C.F.R § 226.13(d)(2) and 15 U.S.C. § 1666a(a), directly or indirectly threatened to report adversely on Plaintiff's credit rating or credit standing because of Plaintiff's failure to pay an amount they disputed as a billing error in said statements dated:

    a.    February 2019

    b.    March 2019

    c.    April 2019

    d.    May 2019

36.    Upon information and belief, Defendant may have committed additional violations against Plaintiff, including, but not limited to, unlawful reporting to third parties, which may be revealed in discovery. In addition, since Defendant's violations against Plaintiff have been continuing for many months, Plaintiff believes that more such violations will occur. Therefore, Plaintiff reserve the right to amend this Complaint upon the discovery of any additional violations committed by Defendant.

37. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

38. As a result of the above violations of the FCBA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorneys' fees and costs.

## V. Jury Demand

39. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. Prayer for Relief

WHEREFORE, Plaintiff, CANDACE HANSEN, by and through his attorneys, pursuant to 15 U.S.C. §§ 1640(a), 1666 and 1666a, respectfully prays for judgment as follows:

a. For all actual damages suffered by Plaintiff;

b. For a statutory damage award equal to twice the finance charge in connection with the transaction for each of the above violations;

c. For all fees and/or charges that Defendant charged to Plaintiff's Account in violation of the FCBA to be credited to the Account;

d. For the costs of the action, together with a reasonable attorney's fee; and

e. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,<br>
**CANDACE HANSEN**

By:    s/ David M. Marco<br>
      Attorney for Plaintiff

Dated: July 3, 2019

David M. Marco<br>
IL Bar No. 6273315/FL Bar No. 125266<br>
SMITHMARCO, P.C.<br>
55 W. Monroe Street, Suite 1200<br>
Chicago, IL 60603<br>
Telephone:  (312) 546-6539<br>
Facsimile:  (888) 418-1277<br>
E-Mail:  dmarco@smithmarco.com